1
2
3
4
5          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
6                      AT SEATTLE

7  HOMESITE INSURANCE
   COMPANY,
8
                    Plaintiff,
9                                            C19-1034 TSZ
       v.
10                                           ORDER
   JOSEPH M ZAJAC, et al.,
11
                    Defendants.
12

THIS MATTER comes before the Court on Defendants Feldmanns' Motion for

Reconsideration ("Motion"), docket no. 36.  Having reviewed all papers filed in support

of, and in opposition to, the Motion, the Court enters the following order.

The parties are familiar with the facts and procedural history in this case,

summarized in the Court's previous order granting partial summary judgment in favor of

Plaintiff Homesite Insurance Co. ("Order"), docket no. 35.  The Feldmanns now seek

reconsideration of the Court's Order.  *See* docket nos. 35 & 36.

**Discussion**

Under Local Civil Rule 7(h), "[m]otions for reconsideration are disfavored," and

the Court "will ordinarily deny such motions in the absence of a showing of manifest

ORDER - 1

error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention with reasonable diligence." *Id.* at 7(h)(1).

The Feldmanns argue that their underlying complaint, brought against Defendants Joseph and Susan Zajac in King County Superior Court, alleged facts—including that there was "property damage" caused by an "occurrence"—that are conceivably covered by the homeowners' insurance policy that Homesite issued to the Zajacs ("Policy"). Motion (docket no. 36 at 2–10).  As the Court previously explained, "[e]ven accepting the Feldmanns' contention that the unpermitted addition and the deck that will deteriorate without repairs are 'property damage' under the Policy . . . , the alleged 'occurrence,' the Zajacs' misrepresentations regarding the unpermitted addition and code deficiencies . . . , did not *cause* that damage."  Order (docket no. 35 at 8) (emphasis added).  Nor could it, because "the alleged property damage existed *before* the alleged occurrence." *Id.* (emphasis added).  The Feldmanns essentially ask the Court to ignore the Policy's express requirement that the property damage, or the loss of use of tangible property, be "caused by" the alleged occurrence.  *See* Policy, Ex. C to Second Amended Complaint ("SAC") (docket no. 24-3 at 39).  That, or the Feldmanns ask the Court to interpret the term "caused by an 'occurrence'" in a way that would defy logic—that the alleged loss of use was caused by the Zajacs' *later* failure to disclose that loss of use, and despite the Feldmanns' allegations that it was the Zajacs' construction of an unpermitted addition that caused the property's loss of use.  *See* Feldmanns' Underlying Complaint, Ex. B to SAC (docket no. 24-2 at 6).  Either way, the Court declines to read the Policy or the Feldmanns' underlying complaint in such an implausible manner. *State Farm Fire & Cas. Co. v. Heather Ridge, L.P.*, No. C12-1085-RSM, 2013 WL 179713, at *3 (W.D.

ORDER - 2

Wash. Jan. 15, 2013) (concluding that the insureds' alleged fraudulent concealment could not have "caused" the property damage because "the property damage preexisted [their] alleged fraudulent concealment"); *cf. Allstate Ins. Co. v. Bowen*, 121 Wn. App. 879, 885–86, 91 P.3d 897 (2004) (concluding that there was a duty to defend where the insurer "concede[d] that . . . the [underlying] complaint alleges a triggering event, the failure to disclose, and both property damage and other financial damages caused by the failure to disclose").

The Feldmanns next argue that the Zajacs' alleged "omissions" were not excluded under the Policy's "Statements Material to Sale of Property" exclusion—asserting that the Policy's use of the term "statement" should be defined based on its ordinary, not legal, meaning.  Motion (docket no. 36 at 10–12).  Even assuming that the Policy is ambiguous as to whether the term "statement" includes an insured's omissions, the Feldmanns' underlying complaint did not merely allege that the Zajacs omitted information.  Instead, it alleged that the "Zajacs completed and signed a Seller Disclosure Statement (Form 17) to *make* 'disclosures of existing material facts or material defects' related to the Property"; that the "Disclosure Statement contained *several material representations*," including "there were no encroachments"; and that the Zajacs "*specifically represented* to not knowing whether all building permits were obtained, or if all final inspections were obtained for any building permits."  Feldmanns' Underlying Complaint, Ex. B to SAC (docket no. 24-2 at 6) (emphasis added).  That is, the Feldmanns' underlying complaint alleges that the Zajacs made "a report of facts" on the Seller Disclosure Statement—allegations that unambiguously come within both the ordinary and legal definitions of "statement."  *See Statement*, Merriam-Webster.com,

ORDER - 3

https://www.merriam-webster.com/dictionary/statement; RCW 64.06.020; *Kaas v. Privette*, 12 Wn. App. 142, 147, 529 P.2d 23 (1974).  Nor is there any dispute that the Zajacs' alleged statements were "material to the sale of any property."  Policy, Ex. C to SAC (docket no. 24-3 at 50).  Coverage is therefore excluded as a matter of law.  *See* Order (docket no. 35 at 9).

The Feldmanns lastly argue that the Order did not address their estoppel argument.  In the Order, the Court expressly declined to address Susan Zajac's estoppel argument as procedurally improper, concluding that its resolution must await another day; but it did not expressly reference the Feldmanns' estoppel argument.  *See* Order (docket no. 35 at 9–10).  The Court now clarifies that both parties may present their estoppel arguments at trial, to the extent they relate to the three causes of action remaining in this case: (1) Homesite's sixth cause of action for a declaratory judgment that the Zajac Trust is not an "insured," (2) Susan Zajac's first counterclaim for breach of contract, and (3) Susan Zajac's counterclaim for violations of RCW 48.30.015.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The Motion for Reconsideration, docket no. 36, is DENIED; and

(2)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 6th day of October, 2020.

Thomas S. Zilly
United States District Judge

ORDER - 4